IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RUSSELL GLENN BURNETT,
   *Petitioner*,

v.

UNITED STATES OF AMERICA.
   *Respondent*.

Criminal Action No. ELH-09-573
Civil Action No. ELH-16-2142

**MEMORANDUM**

This Memorandum resolves a Motion to Vacate, Set Aside, or Correct Sentence, filed by Russell Burnett, the self-represented petitioner, on June 15, 2016, under 28 U.S.C. § 2255. ECF 45. A supplement was filed on September 8, 2016 (ECF 49) (collectively, the "Petition"). The government responded in opposition to the Petition on January 17, 2017. ECF 57 ("Opposition"). Burnett replied on February 1, 2017. ECF 59 ("Reply"). The Court also received a second reply from petitioner on the same day. ECF 60.[1]

No hearing is necessary to resolve the Petition. For the reasons set forth below, I shall deny the Petition.

**I.    Factual Background**

Burnett was indicted in November 2009 and the case was assigned to Judge William D. Quarles, Jr. ECF 1.[2] On April 16, 2010, pursuant to Fed. R. Crim. P. 11(c)(1)(C), Burnett entered a plea of guilty to a charge of "Production of Child Pornography", in violation of 18 U.S.C. § 2251(a). ECF 24 (Plea Agreement). The parties stipulated to a sentence of 180 months

---

[1] ECF 60 is nearly identical to ECF 59.

[2] Judge Quarles retired in February 2016. The case was reassigned to me on June 16, 2016. *See* docket.

imprisonment (*id.* at 5), which corresponded to the mandatory minimum term of imprisonment required by statute. *See* 18 U.S.C. § 2251(e); *see also* ECF 24, ¶ 3.

Prior to sentencing, the United States Probation Office completed a presentence report. A revised presentence report was submitted on June 21, 2010 ("PSR").[3] According to ¶ 45 of the PSR, Burnett had a final offense level of 35 and a criminal history category of III, resulting in an advisory sentencing guidelines range of 210 to 262 months of imprisonment; *see* ECF 24, ¶ 5(b); ECF 31 ("Statement of Reasons") at 1.

Sentencing was held on July 7, 2010. ECF 29. Consistent with the terms of the "C" plea, Judge Quarles sentenced Burnett to the mandatory minimum term of 180 months' imprisonment. ECF 30 ("Judgment") at 2. As noted, that sentence was well below the advisory sentencing guidelines range. Judge Quarles also placed Burnett on lifetime supervised release. *See id.* at 3. Judgment was entered on July 9, 2010 (ECF 30), and Burnett did not note an appeal to the Fourth Circuit.

Nearly six year later, on June 15, 2016, Burnett filed the Petition. ECF 45. By Order of June 21, 2016, I informed Burnett that the Court could find no cognizable claim in his Petition and that he would have to provide a supplement if he intended to pursue relief. ECF 46. Accordingly, I directed the Clerk to send a "§ 2255 packet" to Burnett, and provided him with 28 days to return the supplement. *Id.* Thereafter, in an Order dated August 15, 2016, I observed that the Court had not received Burnett's supplement. ECF 47. But, I granted Burnett an additional 21 days in which to supplement, "out of an abundance of caution". *Id.*

The Court received Burnett's supplement on September 8, 2016. ECF 49. Burnett provides three grounds for relief in the Petition. ECF 49 at 5. First, Burnett states: "The

---

[3] The PSR was not docketed, but a copy is contained in Judge Quarles's file.

government prosecutor used a false victim impact statement and testified to the Judge saying that I was the one responsable [sic] for it." *Id.* Second, Burnett claims: "When the victim impact statement was read against me, my public defender never raised any objections to it knowing I had nothing to do with it." *Id.* Third, Burnett asserts: "The Judge was biased against me . . . because of the false statement used against me, the Judge made rude remarks towards me." *Id.*

By Order of September 30, 2016, I directed the government to respond to Burnett's Petition within 60 days. ECF 50. On December 5, 2016, the government requested a 60 day extension in which to respond to the Petition. ECF 52. I granted the government's request. ECF 53.[4]

As noted, the government filed its Opposition on January 17, 2017. ECF 57. In its Opposition, the government argues that the Petition was untimely filed and that there are no grounds for equitable tolling. *Id.* at 4-6. In the alternative, the government contends that Burnett's contentions lack merit. *Id.* at 6-8.

In his Reply, Burnett attributes his delay in filing the Petition to the fact that he was in state custody until 2015 and "had no access to federal laws or cases . . . ." ECF 59 at 1. Moreover, Burnett disputes the government's arguments as to the merits of his claims. *Id.* at 2-6.

## II. Discussion

### A.

Section 2255(a) of Title 28 of the United States Code provides relief to prisoners in federal custody. Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the

---

[4] On January 13, 2017, the Court received a letter from Burnett objecting to the Order extending the time for the government to respond. ECF 55. In a letter dated January 17, 2017, I informed Burnett that I was persuaded that the government was entitled to the requested extension, particularly in light of the Court's *sua sponte* orders extending the time for Burnett to supplement his Petition. ECF 56. On January 25, 2017, the Court received correspondence from Burnett withdrawing his objection. ECF 58.

court which imposed the sentence to vacate, set aside or correct the sentence," but only on grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *See also United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Collateral attack is not a substitute for direct appeal; failure to raise certain issues on direct appeal may render them procedurally defaulted on post-conviction review. *United States v. Frady*, 456 U.S. 152, 165 (1982); *accord Bousely v. United States*, 523 U.S. 614, 630 (1998). In other words, as a general rule, a petitioner who fails to raise a claim on direct appeal is barred from raising the claim on collateral review. *Sanchez–Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006). However, this bar generally does not apply to claims pertaining to ineffective assistance of counsel. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 503–04 (2003).

Under 28 U.S.C. § 2255(b), the post-conviction court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." *See, e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Courts have determined that a hearing is not necessary where "the motion . . . fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993). On the other hand, a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue." *United*

*States v. Robertson*, 219 Fed. App'x. 286, 286 (4th Cir. 2007) (per curiam); *see also United States v. Ray*, 547 Fed. App'x. 343, 345 (4th Cir. 2013) (per curiam).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Va. Dep't of Conservation & Recreation*, 532 Fed. Appx. 332, 334 (4th Cir. 2013) (per curiam) (same). Nevertheless, I am satisfied that no hearing is necessary to resolve Burnett's claims. *See* Local Rule 105.6.

**B.**

As noted, Burnett was sentenced by Judge Quarles on July 7, 2010. However, he did not file his Petition until June 15, 2016. For the reasons explained below, the Petition is untimely.

Under the provisions of 28 U.S.C. § 2255(f), a one-year limitations period applies to petitions under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, judgment was entered on July 9, 2010. ECF 30. Burnett did not note a direct appeal to the Fourth Circuit. *See* docket. Thus, his judgment became final on July 23, 2010, when the time for filing an appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . the entry of either the judgment or the order being appealed . . . ."); *see also* Fed. R. Crim. P. 45(a); *Clay v. United States*, 537 U.S. 522, 524–25 (2003). Burnett had one year from that date to file for relief under § 2255. Because July 23, 2011, was a Saturday, however, the limitations period did not expire until July 25, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C). But, Burnett did not file the Petition by that date. As noted, he filed his Petition on June 15, 2016. ECF 45. Therefore, the Petition is barred by the limitations period set forth in 28 U.S.C. § 2255(f)(1), unless the doctrine of equitable tolling applies.

Equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States,* 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255) (quoting *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000).

For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner need show only

Here, judgment was entered on July 9, 2010. ECF 30. Burnett did not note a direct appeal to the Fourth Circuit. *See* docket. Thus, his judgment became final on July 23, 2010, when the time for filing an appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . the entry of either the judgment or the order being appealed . . . ."); *see also* Fed. R. Crim. P. 45(a); *Clay v. United States*, 537 U.S. 522, 524–25 (2003). Burnett had one year from that date to file for relief under § 2255. Because July 23, 2011, was a Saturday, however, the limitations period did not expire until July 25, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C). But, Burnett did not file the Petition by that date. As noted, he filed his Petition on June 15, 2016. ECF 45. Therefore, the Petition is barred by the limitations period set forth in 28 U.S.C. § 2255(f)(1), unless the doctrine of equitable tolling applies.

Equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States,* 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255) (quoting *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000).

For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner need show only

"reasonable diligence"; there is no requirement for "maximum feasible diligence." *Holland,* 560 U.S. at 653 (citation omitted).

Burnett claims that he was not able to timely file his Petition because he "was in state custody from 2009 till [sic] 2015" and "had no access to federal laws or rules untill [sic] [he] was placed in Federal prison [sic] in May 2015." ECF 49 at 4. In its Opposition, the government argues that tolling is not appropriate because Burnett failed to produce any evidence suggesting that he did not have access to federal laws or rules during his state incarceration. ECF 57 at 6. And, it notes that Burnett did not file his Petition within one year of his transfer to federal prison in May 2015. *Id.* In his Reply, with respect to tolling, Burnett argues: "[S]ince I was in State custody, I had no access to federal laws or cases . . . ." ECF 59 at 1.

In my view, equitable tolling is not warranted in this case. As an initial matter, although Burnett baldly asserts that state prison law libraries do not have federal laws or cases, he has produced no evidence of this claim. However, even assuming the truth of Burnett's claim, the insufficiency of prison law libraries does not constitute an extraordinary circumstance sufficient to invoke tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-172 (5th Cir. 2000) (concluding that inadequacy of the law library did not amount to extraordinary circumstances); *see also Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (concluding that three-month segregation and limited access to the law library "were neither extraordinary nor made it impossible for [petitioner] to file his petition in a timely manner"); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (stating that "a prisoner's limited access to the prison law library is not grounds for equitable tolling"); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (declining to grant equitable tolling where petitioner was segregated for 60 day and had limited access to the law library); *Marsh v.*

*Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (concluding that a 15-day holiday closure of the law library did not constitute extraordinary circumstances).

In addition, even if it were appropriate to toll the limitations of § 2255(f) until Burnett's transfer to federal custody, the Petition would nevertheless be untimely. Specifically, Burnett states that he was transferred to federal custody in May 2015. ECF 49 at 4. Yet, he did not file his Petition within one year of that transfer. *See* 28 U.S.C. § 2255(f). Rather, it was filed on June 15, 2016, *i.e.*, more than one year after Burnett was transferred to a federal facility. ECF 45. And, Burnett has not argued that he is entitled to tolling after his transfer to federal custody. *See* ECF 49; ECF 59.

In light of the foregoing, I shall DENY Burnett's Petition, because it was untimely filed under 28 U.S.C. § 2255(f).

### III. Certificate of Appealability

Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[5] A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274. 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, this court will not issue a COA.

---

[5] The district court's denial of a COA does not preclude a petitioner from seeking permission from the appellate court for a COA

An Order follows, consistent with this Memorandum.


Date: July 13, 2017                                              /s/
                                                         Ellen Lipton Hollander
                                                         United States District Judge